UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICKI REEVE,

                              Plaintiff,

               -vs-                                        06-CV-0642C

SEI/AARON'S, INC., d/b/a
AARON'S SALES AND LEASE
and AARON RENTS, INC.

                              Defendants.

---

APPEARANCES:    ZDARSKY, SAWICKI & AGOSTINELLI LLP (GERALD T. WALSH, ESQ., of Counsel), Buffalo, New York, for Plaintiff

                         FORD & HARRISON, LLP (WILLIAM A. CARMELL, ESQ. and PHILIP K. DAVIDOFF, ESQ., of Counsel), New York, New York, for Defendant Aaron Rents, Inc.

                         HODGSON RUSS, LLP (ADAM W. PERRY, ESQ., of Counsel), Buffalo, New York, for Defendant SEI/Aaron's, Inc.

## INTRODUCTION

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"), alleging gender discrimination in employment. Defendant Aaron Rents, Inc. ("ARI") seeks dismissal of the complaint on the grounds that (1) plaintiff has failed to satisfy the statutory prerequisites to suit under Title VII, and (2) plaintiff was not employed by ARI and thus has failed to state a claim against it under the NYSHRL.

**BACKGROUND and FACTS**

On October 31, 2005, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  She alleged that she was denied a promotion based on her sex, and was retaliated against for complaining about gender discrimination.  Specifically, plaintiff stated that she began her employment with SEI/Aarons Rents in March 2004.  She was hired as a Manager in Training and performed the duties of a Customer Accounts Manager ("CAM") and a General Manager.  Plaintiff stated that she was told that women rarely get promoted to the CAM position.  On October 7, 2005, plaintiff was informed that she would not receive a promotion she sought to the CAM position.  In response, she complained about the lack of female managers and stated that she would consider seeking alternate employment.  At that time, she was abruptly terminated and told that it was the policy to terminate employees looking for other jobs.  Plaintiff stated that she knew of male employees who were allowed to give two weeks' notice when they planned to leave the company.

The EEOC charge was forwarded to Mr. Charles Smithgall, the owner of SEI/Aarons Rents, on Abbott Road in Lackawanna, New York.  The EEOc issued a "Right to Sue" notice on June 27, 2006.

**DISCUSSION**

ARI's motion to dismiss relies on both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is decided under the same standards as a Rule 12(b)(6) motion to dismiss

for failure to state a claim.  *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir.), *cert. denied,* 540 U.S. 1012 (2003).  In addressing these motions, the court accepts the material facts alleged in the complaint as true and construes all reasonable inferences in plaintiff's favor.  *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998).  A court should not dismiss a complaint for failure to state a claim unless the complaint fails to include "plausible grounds" for relief.  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]").  Dismissal is proper where a plaintiff fails to plead the basic elements of a cause of action.  *See Wright v. Giuliani*, 2000 WL 777940, at *4 (S.D.N.Y. June 14, 2000), *aff'f,* 230 Fed. Appx. 543 (2d Cir. 2000).  On a motion to dismiss, a court's "consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to such matters of which judicial notice may be taken."  *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

   A plaintiff must exhaust her administrative remedies with the EEOC or an authorized agency before filing a Title VII claim in federal court.  *See Wells v. Mt. Vernon Hosp.*, 2002 WL 1561099, at *2 (S.D.N.Y. July 15, 2002) ("The filing of a timely charge with the EEOC is a statutory prerequisite to Title VII and ADEA claims."); *see also Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000); *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993).  Specifically, a plaintiff must file an administrative grievance naming the defendant.  *Kilkenny v.*

*Greenberg Traurig, LLP*, 2006 WL 1096830, at *3 (S.D.N.Y. April 26, 2006) (Under Title VII, a claimant may bring suit in federal court only if the current defendant was named as a defendant in the EEOC complaint) (internal quotes and citations omitted); *Johnson v. N.Y. Presbyterian Hosp.*, 2001 WL 829868, at *3 (S.D.N.Y. July 20, 2001) (dismissing ADA and Title VII claims against defendant because he was not named in EEOC complaint).

However, a defendant need not be expressly named in the EEOC charge "where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 619 (2d Cir. 1999) (quoting *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991)). In determining whether identity of interest exists, the Second Circuit considers four factors: (1) whether the role of the unnamed party could, through reasonable effort by the complainant, be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that, for the purpose of obtaining voluntary conciliation and compliance, it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Vital v. Interfaith Med. Ctr*. 168 F.3d at 619 (internal quotes omitted). These factors are accorded equal weight. *See Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241-42 (2d Cir. 1995).

In *Manos v. Geissler*, 377 F.Supp.2d 422 (S.D.N.Y. 2005), the plaintiff alleged that Midas International Corporation exercised the right to control, supervise, direct, advise, and instruct the plaintiff's employer, a Midas franchisee, in the daily operations of its business, particularly with respect to employee relations, training and management.  Midas International argued that nothing in its franchise offering circular, which promised training and assistance in the operation of a Midas franchise, indicated control of employee relationships on a day-to day basis, or its right to such control.  The court examined the four factors and found that the claims against Midas International should be dismissed.  Like ARI in this case, Midas International was not named in the EEOC charge, was not given notice of the charges, its role as franchisor was known to the plaintiff at the time of the filing, it was not involved in a conciliation effort, and it made no representations about an agency relationship to the plaintiff.  Accordingly, the court found that the identity of interest exception did not apply and dismissed the claims against Midas International.

Applying the above factors to the present case, the court concludes that the Title VII claim against ARI should be dismissed. First, at the time of the filing of the EEOC complaint, ARI's role in any alleged discriminatory acts could have been ascertained. Plaintiff knew that SEI/Aarons was a franchisee of ARI, despite her *pro se* status, and could have named ARI if she believed it to be her actual employer.  Second, ARI's interests were not represented before the EEOC and there are no allegations that ARI was even aware that an EEOC charge was filed.  Third, ARI's absence from the EEOC proceedings resulted in actual prejudice to ARI's interests because ARI could have been involved in conciliating the matter. Plaintiff contends that no such prejudice

occurred as no conciliation sessions were held. However, ARI was denied the opportunity to participate in any conciliation because it had no notice of the charges. See *Agugliaro v. Brooks Brothers, Inc.,* 802 F.Supp. 956, 960 (S.D.N.Y. 1992) (noting that "the crucial question . . . is whether [the unnamed party] had actual notice that a charge had been filed . . . with the EEOC"). Lastly, there is no allegation that ARI represented to plaintiff that its relationship with plaintiff was to be through SEI/Aarons. In fact, it does not appear that ARI had any relationship with plaintiff, or any knowledge of plaintiff's relationship with SEI/Aarons. Accordingly, the "identity of interest" exception does not apply to ARI and plaintiff's Title VII claim against ARI must be dismissed.

"Unlike Title VII, the NYSHRL . . . do[es] not require exhaustion of administrative remedies" prior to commencing a claim under the NYSHRL. *Hernandez v. New York City Law Dep't,* 1997 WL 27047, at *10 (S.D.N.Y. January 23, 1997); *see also Lumhoo v. Home Depot USA, Inc.*, 229 F. Supp. 2d 121, 136 n.13 (E.D.N.Y. 2002). Consequently, because plaintiff was not required to file a complaint with the State Division of Human Rights or any other administrative agency prior to commencing a lawsuit alleging violations of the NYSHRL, plaintiff is not precluded from bringing NYSHRL claims against ARI. Plaintiff argues that under New York law, the term "employer" is liberally construed for purposes of the anti-discrimination laws. She contends that, as the franchise promotional materials promise training for staff, ongoing support, and monitoring of the business, discovery is needed to determine the degree of control retained by ARI through the franchise agreement and the extent to which the policy of male-dominated promotions emanated from ARI.

Plaintiff's NYSHRL claim against ARI must be dismissed. Plaintiff has failed to allege that ARI was involved in the alleged discriminatory acts or that the decisions not to promote and to terminate plaintiff's employment were controlled or influenced by ARI. The franchise materials submitted by plaintiff in opposition to the motion indicate that ARI will assist its franchisee in the areas of site selection, personnel selection, training, marketing, communication and volume purchasing and will provide "ongoing support to ensure your success as an Aarons' Franchisee." Item 18, Exh. 1. However, there is nothing in the franchise materials that indicates that ARI maintains control of employee relationships on a day-to-day basis. *See Manos v. Geissler,* 377 F.Supp.2d at 428 (franchise offering did not indicate day-to-day control of employee relations of franchisee). Additionally, plaintiff has failed to allege any facts demonstrating that ARI "exercised such complete dominion and control" that SEI/Aarons lacked independent will and was the alter ego of ARI. *See Barbezat v. Arnell Group, Ltd.,* 1997 WL 473484, at *1 (S.D.N.Y. August 19, 1997). The franchise materials submitted by plaintiff in response to the motion simply do not establish that ARI had any role in the decisions on which plaintiff's specific allegations relating to discrimination and retaliation are based.

## CONCLUSION

The motion to dismiss by defendant ARI is granted, and the complaint against it dismissed.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   March 31, 2008
p:\pending\2006\06-642.mar2008